THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORA SELIM,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FIVOS, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. C22-1227-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Joint Local Civil Rule 37 Submission. (Dkt. No. 18.) The Court has thoroughly considered the parties' briefing and the relevant record, and hereby DENIES the motion for the reasons explained herein.

I.　　BACKGROUND

Defendant employed Plaintiff for approximately 12 years. (Dkt. No. 7 at 6.) Plaintiff alleges that Defendant owes her damages for unpaid overtime pay, holiday, and various accrued wages. (*See generally* Dkt. No. 7.) On January 6, 2023, Plaintiff served discovery requests on Defendant. (*Id.* at 3.) Defendant served its responses on February 9, three days past the deadline.[1] Plaintiff requested a meet and confer the next day, and the parties met on February

---

[1] *See* LCR 7(d); FRCP 6(a)(1)(C). Plaintiff argues Defendant waived its discovery objections because it filed them late. (Dkt. No. 18 at 4); Fed. R. Civ. P. 33(b) ("[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.") In the

23.[2] (*Id.*) Plaintiff then emailed Defendant, reiterating a "commitment to follow up . . . regarding supplementation." (Dkt. No. 32-2 at 3.) The email also requested amended answers to discovery requests, and that "anything outstanding that ha[d] not been actually delivered by [March 9]" would be included in a nondescript motion. (*Id.* at 3.) On March 2, Defendant updated Plaintiff on the status of two discovery-related items. (Dkt. No. 22 at 16.) The next day, Defendant further updated Plaintiff with the items it provided to date. (*Id.*)

On March 14, Plaintiff sent Defendant her "initial contribution to a joint LCR 37 [s]ubmission." (Dkt. No. 30 at 51.) Defense counsel responded the next day, stating the joint submission was premature because they were still supplementing discovery requests. (Dkt. No. 22 at 20.) Nevertheless, on March 22 Plaintiff filed an allegedly "joint" LCR 37 motion, docketed as an "Unopposed Motion to Compel Discovery Responses." (Dkt. No. 18.) Defendant filed a response objecting to the motion's joint classification (Dkt. No. 21), and the Court re-noted this motion as a unilateral discovery motion filing (*See* Dkt. No. 24).

II.   **DISCUSSION**

A.   **Legal Standard**

Discovery motions are strongly disfavored. The Court begins with this reminder because in the great majority of cases, discovery issues can be avoided if the parties do one simple thing: talk with one another in good faith. If parties talk in good faith but are still unable to resolve their dispute, the Court has no problem stepping in—the Court's role is to resolve disputes, after all. But when parties file discovery motions without talking in good faith, they risk engendering ill will and wasting the parties' and the Court's time. The Court has broad discretion to decide whether to compel discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d

---

alternative, she asks the Court to resolve discovery disputes in her favor. (*See generally* Dkt. No. 18.) She also requests attorney fees. (*Id.* at 4.)

[2] The parties disagree on what was and was not accomplished during this meeting. Plaintiff claims the parties agreed to file a joint LCR 37 motion, but Defendant denies ever having made such an agreement. (*See* Dkt. Nos. 18 at 3; 29 at 1.)

1206, 1211 (9th Cir. 2002). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If requested discovery is withheld inappropriately or goes unanswered, the requesting party may move to compel such discovery. Fed. R. Civ. P. 37(a)(1).

### B. Joint Local Rule 37

A party that files a discovery motion under Local Rule 37 may do so unilaterally or jointly. *See generally* LCR 37. The unilateral option is a motion to compel, which is filed and noted pursuant to LCR 7(d)(3). The joint motion option, which affords parties the benefit of an expedited noting date, is filed and noted pursuant to LCR 37(a)(2)(A)–(I). Both options require certification that the moving party has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." LCR 37(a)(1); *see* Fed. R. Civ. P. 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." *Id*.

The certification requirement is more than a "formalistic prerequisite" to judicial resolution. *Cardoza v. Bloomin' Bands, Inc.,* 141 F.Supp. 3d 1137, 1145 (D. Nev. 2015). It must certify that the conferral attempt resulted in an impasse, which ensures that the parties have exhausted their attempts to resolve their dispute before seeking the Court's intervention. *See Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, slip op. at 1 (W.D. Wash. 2014) ("A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible."). Courts may look beyond the certification to determine whether a sufficient meet-and-confer took place. *Cardoza,* 141 F. Supp. 3d 1145.

A joint motion additionally requires that parties agree to the expedited procedure. LCR 37(a)(2). If the parties agree, the movant must, after the conference, provide its joint motion draft to opposing counsel and await a response for seven days. LCR 37(a)(2)(C). The moving party may file its motion and note no response was received if its draft goes unanswered. *Id.*

### C. Joint Motion

Plaintiff's motion was improperly submitted as a joint motion. Neither party documented the LCR 37 conference discussions. Without concrete documentation, the Court cannot rely on Plaintiff's assertion that the parties verbally agreed to file a joint motion when presented with Defendant's contradictory assertion that no such agreement was formed. Furthermore, the Court declines to consider the motion as a motion to compel because the parties did not satisfy Local Rule 37's meet and confer requirement. Although the parties met, there is no evidence to demonstrate that the meeting's central purpose was to resolve outstanding disputes with finality. Post-conference communications show that the parties agreed and expected that Defendant would continue to supplement its discovery responses. (Dkt. No. 22 at 17.) Ongoing discussions after an LCR 37 conference preclude a finding that no additional progress was possible. Defendant provided Plaintiff with supplementation progress updates twice between the conference and the date she filed the motion. (*Id.* at 15–16.) The parties resolved some discovery disputes after the motion was filed and before the motion noted. (Dkt. No. 31 at 4.) The post-conference agreement, supplementation updates, and resolution of some disputes show the parties had not—and have not–—reached an impasse justifying the Court's intervention. Because the meet and confer requirements are not met, the Court DENIES the motion.

### D. Sanctions

The Court has broad discretion to issue sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Here, the Court declines to award attorney's fees to Plaintiff because it denies her motion. The Court also declines to award attorney's fees to Defendant because Defendant is partially responsible for the breakdown in communication resulting in the instant motion.[3] While the Court reprimands both parties for their lack of

---

[3] The Court required the parties to submit a joint status report by November 25, 2022. (Dkt. No. 6.) Defendant's inability to communicate with Plaintiff (Dkt. No. 11-2 at 1) forced her to file her part of the joint report individually, against the Court's instructions (Dkt. No. 10). Defendant did not file its report until one week after the Court-imposed deadline and did not provide any reason

diligence, neither parties' conduct rises to the level of sanctionable behavior at this time. Accordingly, the parties' requests for sanctions are DENIED.

### III.   CONCLUSION

For the foregoing reasons, the Court ORDERS that:

1. The Plaintiffs' Motion to Compel (Dkt. No. 18) is DENIED;
2. Both parties' requests for sanctions are DENIED;
3. The parties are ORDERED to meet and confer before filing any future discovery motions.

DATED this 1st day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

for its lateness. (*See* Dkt. No. 14.) Defendant also failed to meet its self-imposed scheduling deadline. (Dkt. No. 19-3 at 5.)